IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LAWRENCE JOHN MacNEILL §
 §
Petitioner, §
 §
VS. §
 § NO. 3-08-CV-1882-D
NATHANIEL QUARTERMAN, Director §
Texas Department of Criminal Justice, §
Correctional Institutions Division §
 §
Respondent. §

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Lawrence John MacNeill, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

In 1981, petitioner was convicted of burglary of a habitation and sentenced to 61 years confinement. Under a TDCJ policy in effect at that time, inmates who successfully completed an approved academic education or vocational program were entitled to a "backdating" of good conduct time credits.[1] The "backdating" policy was discontinued effective April 1, 1995. *See* TDCJ-ID AD-

---

[1] Under TDCJ regulations, "backdating" is defined as:

> Awarding trusty status (SAT) good conduct time credits at an inmate's current time-earning status for earlier periods of time served during which a lesser amount of time credit was earned. Full backdating (maximization) consists of the awarding of SAT time-earning status credits from the inmate's sentence begin date (or from the point of re-arrest for parole or mandatory supervision violators) to the actual effective date of the SAT promotion. Partial backdating (demaximization) is the process of awarding SAT credits only from the point at which the inmate was promoted to Line Class I or above.

*See* TDCJ-ID AD-04.80 (Nov. 30, 1995).

04.80 (Nov. 30, 1995). On December 16, 2005, petitioner received his college degree through a TDCJ-sponsored education program which, under the former policy, would have entitled him to additional good conduct time credits. However, prison officials have refused to "backdate" those credits, citing the 1995 policy change. Petitioner challenged that decision through the prison dispute resolution process and in an application for state post-conviction relief. Both his request for administrative review and his state writ were denied. Petitioner then filed this action in federal district court.

II.

In a single ground for relief, petitioner contends that the retroactive application of the 1995 policy discontinuing the "backdating" of good conduct time credits for prisoners who successfully completed an approved education program violates the *ex post facto* clause of the United States Constitution.

Respondent counters that this claim is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner addressed the limitations issue in a reply filed on January 20, 2009. The court now determines that this case should be dismissed on limitations grounds.

A.

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). In cases challenging the denial of good conduct time credits, the limitations period begins to run on the date "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *See Kimbrell v. Cockrell*, 311 F.3d 361, 363-64 (5th Cir. 2002), *quoting* 28 U.S.C. § 2244(d)(1)(D). This period is tolled while

a properly filed motion for state post-conviction relief or other collateral review is pending. 28 U.S.C. § 2244(d)(2); *see also Solis v. Quarterman*, No. 4-07-CV-0653-A, 2008 WL 863113 at *2 (N.D. Tex. Mar. 31, 2008), *citing Kimbrell*, 311 F.3d at 364. The one-year limitations period is also subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

In 1995, the TDCJ discontinued its policy of "backdating" good conduct time credits, including credits for prisoners who, like petitioner, successfully completed an approved education or vocational program. On December 16, 2005, more than ten years after the policy was repealed, petitioner received his college degree through a TDCJ-sponsored program. When petitioner learned that prison officials did not award him additional good conduct time credits under the prior TDCJ policy, he challenged that decision in a request for administrative review under Tex. Gov't Code Ann. § 501.0081[2] and in an application for state post-conviction relief. His request for

---

[2] Section 501.0081 provides, in pertinent part:

>   (a) The [TCDJ] shall develop a system that allows resolution of a complaint by an inmate who alleges that time credited on the inmate's sentence is in error and does not accurately reflect the amount of time-served credit to which the inmate is entitled.
>
>   (b) Except as provided by Subsection (c), an inmate may not in an application for a writ of habeas corpus under Article 11.07, Code of Criminal Procedure, raise as a claim a time-served credit error until:
>
>   (1) the inmate receives a written decision issued by the highest authority provided for in the resolution system; or
>
>   (2) if the inmate has not received a written decision described by Subdivision (1), the 180th day after the date on which under the resolution system the inmate first alleges the time-served credit error.
>
>   (c) Subsection (b) does not apply to an inmate who, according to the department's computations, is within 180 days of the inmate's presumptive parole date, date of release on mandatory supervision, or date of discharge[.]

TEX. GOV'T CODE ANN. § 501.0081 (Vernon 2004).

administrative review was filed on December 13, 2006, and denied on August 1, 2007. (*See* Resp. Prelim. Resp. Exh. B). His state writ was filed on October 2, 2007, and denied on July 9, 2008. *Ex parte MacNeill*, WR-14,153-02 (Tex. Crim. App. Jul. 9, 2008). Petitioner filed this action in federal court on October 20, 2008.

At the very latest, the AEDPA statute of limitations started to run on December 16, 2005--the date petitioner received his college degree and would have been eligible for a "backdating" of good conduct time credits under the prior TDCJ policy. The limitations period was tolled from December 13, 2006 to August 1, 2007, a total of 232 days, while a properly filed request for administrative review was pending. *See Hunter v. Quarterman*, No. 4-06-CV-0342-A, 2006 WL 2914162 at *2 (N.D. Tex. Oct. 11, 2006), *citing Kimbrell*, 311 F.3d at 364 (properly filed request for administrative review under prison dispute resolution process tolls AEDPA statute of limitations). Even allowing for this tolling period, petitioner still waited more than one year before seeking post-conviction relief in state or federal court.

In an attempt to excuse this delay, petitioner argues that he did not discover the factual predicate of his sentence credit claim until he received a copy of his "Inmate Time Sheet" on August 1, 2006 or, alternatively, that his claim did not accrue until the TDCJ rendered its final decision denying administrative relief on August 1, 2007. (*See* Pet. Reply at 4-5). The date petitioner *actually discovered* that prison officials had not "backdated" his good conduct time credits is irrelevant to the limitations analysis. Rather, the relevant inquiry under section 2244(d)(1)(D) is when petitioner *could have discovered* the factual predicate of his claim through the exercise of due diligence. Because the TDCJ "backdating" policy was repealed in 1995, petitioner either knew or should have known that he would not receive good conduct time credits on December 16, 2005--the date he received his college degree. That is the operative date for limitations purposes. *See*

*Stubblefield v. Dretke*, No. H-04-2129, 2005 WL 1503515 at *3 (S.D. Tex. Jun. 8, 2005), *COA denied*, No. 05-20605 (5th Cir. Apr. 7, 2006) (limitations period with respect to claim involving the denial of good conduct time credits for the successful completion of job training program started to run on the date prisoner received job training certificate).

Nor is the court persuaded by petitioner's alternative argument that his sentence credit claim did not accrue until the TDCJ rendered its final decision denying administrative relief. Although two circuits courts have held that the one-year limitations period does not begin to run until the date an administrative appeal becomes final, *see e.g., Dulworth v. Evans*, 442 F.3d 1265, 1268 (10th Cir. 2006) *and Shelby v. Bartlett*, 391 F.3d 1061, 1066 (9th Cir. 2004), the Fifth Circuit has taken a different approach. In the Fifth Circuit, the AEDPA statute of limitations is tolled while a properly filed request for administrative review is pending. *See Kimbrell*, 311 F.3d at 364. There is no Fifth Circuit precedent postponing the accrual of a claim until the conclusion of administrative review. *See Dulworth*, 442 F.3d at 1268 n.3 (acknowledging that the Fifth Circuit "follows a different avenue" with respect to limitations analysis).

Petitioner also seeks equitable tolling from December 16, 2005, the date he received his college degree, until August 1, 2006, the date he received his "Inmate Time Sheet," as a result of his efforts during that time to obtain records reflecting his time earning status. (*See* Pet. Reply at 6-7). However, petitioner has not shown how the seven-and-a-half month delay in receiving these records prevented him from challenging the retroactive application of the 1995 policy discontinuing the "backdating" of good conduct time credits. Once again, petitioner either knew or should have known about the effect of this policy change when he received his college degree on December 16, 2005. That petitioner did not obtain records supporting his claim until August 1, 2006, does not entitle him to equitable tolling. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) ("Equitable tolling

applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.").

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 26, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE